UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH,

        Plaintiff,

v.

D.J. PALLAS et al.,

        Defendants.

_____/

Case No. 1:17-cv-618

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against all Defendants, except for Defendants Goulet and Vanderwagen.

## Discussion

I.     Factual allegations

Plaintiff Derrick Lee Smith is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon County,

Michigan. In his amended complaint,[1] Plaintiff sues the following employees of the MDOC: Administrative Law Examiner / Hearing Officer D.J. Pallas; Hearing Administrator Richard Russell; Corrections Officers (unknown) Goulet and (unknown) Vanderwagen; General Office Administrator Mail Room Clerks J. Dietz, A. Karel, A. Hall, and S. Payton; Transfer Coordinator Brianna Newton-Newman; Director Heidi Washington; Director of the Offender Tracking Information System (OTIS) Shawn Cassidy; and Corrections Facility Administrator Norma Killough. He also sues former MDOC employee Manuela Anna Briki, Nurse Juliette Bird (a former Sheriff's Deputy for the Detroit Police Department), Detective Virginia Wilkinson of the Detroit Police Department, Wayne County Circuit Court Records Office Supervisor Stacy Bernardo, and an individual located in Florida, Tray Hollenbeck.

### A. Substance Abuse Misconduct

Defendants Goulet and Vanderwagen allegedly lied on November 22, 2016, and December 2, 2016, about finding tobacco products on a "homemade shelf" in an area under Plaintiff's control. (Am. Compl., ECF No. 13, PageID.152.) Plaintiff contends that they planted evidence to support these lies, and their purpose was to retaliate against Plaintiff, because Plaintiff had filed a lawsuit against their co-workers, Farber and Lemaire. Vanderwagen allegedly convinced Goulet to search Plaintiff's cell based on a false pretext, so that they could plant the evidence. Plaintiff also alleges that Goulet and Vanderwagen destroyed his "legal work" when searching his cell. (*Id.*, PageID.158.)

Apparently, as a result of Goulet and Vanderwagen's actions, Plaintiff was charged with substance abuse. On December 2, 2016, Officer Pallas conducted a misconduct hearing for the charge of substance abuse. At the beginning of the hearing, Pallas told Plaintiff that he was

---

[1] Plaintiff failed to file his initial complaint on the requisite form, so the Court ordered him to file an amended complaint on the form.

2

aware of Plaintiff's lawsuits against Pallas' friends, Farber and Lemaire. Pallas allegedly stated that he would find Plaintiff guilty based solely on those lawsuits. Plaintiff asked that Pallas to recuse himself, but Pallas refused to do so. Pallas then found Plaintiff guilty for reasons that Plaintiff contends are false. Pallas told Plaintiff that he would put falsehoods into the reasons for his findings to ensure that Plaintiff would know not to file another lawsuit against one of Pallas' co-workers.

Plaintiff apparently requested a rehearing and Defendant Russell denied Plaintiff's request. According to Plaintiff, Russell denied the request because "the previous out of place ticket counts as a substance abuse ticket." (*Id.*, PageID.150.) Plaintiff claims that this is a "false" reason to deny a request for a rehearing. (*Id.*) Plaintiff claims that Russell did not follow state law or procedure.

Plaintiff sought judicial review of the misconduct decision in state court. In the state-court proceedings, Russell allegedly claimed that he did not sign the decision denying Plaintiff's request for a rehearing, but the state court rejected this argument. Russell also apparently claimed that Plaintiff did not exhaust his administrative remedies, but the state court rejected this argument as well. The state court eventually denied Plaintiff's appeal for reasons that are not identified in Plaintiff's complaint.

B. Rejection of Mail

From December 2015 through May 2016, Defendants Dietz, Karel, Hall, and Payton allegedly rejected issues of the Prison Legal News that were intended for Plaintiff. Defendant Killough allegedly instructed these defendants to do this.

C. Prison Transfer

Defendant Newton-Newman allegedly provided false reasons for transferring Plaintiff to another prison on June 25, 2017.

D. Lies about Plaintiff

Defendants Briki, Bird, and Wilkinson allegedly committed acts of "character ass[ass]ination" against Plaintiff by lying about him. (*Id.*, PageID.160.) Although the content of their statements is not clear, Defendants apparently accused Plaintiff of kidnapping and rape.

E. Watch List

Defendant Washington allegedly allowed Defendants to keep Plaintiff on a "priority 2 watch list" for reasons that are false. (*Id.*, PageID.161.)

F. MDOC Website

Defendant Cassidy maintains the MDOC website. Plaintiff's profile on the MDOC's Offender Tracking Information System (OTIS) allegedly shows false information about Plaintiff's criminal convictions.

G. Prison File

Defendant Bernardo allegedly put the wrong judgment of sentence into Plaintiff's prison file. Plaintiff contends that the judgment of sentence in his file actually belongs to Derrick Lee Moore.

Based on the foregoing, Plaintiff claims that Defendants have violated a number of his constitutional rights. As relief, Plaintiff seeks damages.

II. Voluntary Dismissal

In a motion filed shortly after his amended complaint (ECF No. 15), Plaintiff asks to withdraw his claims against Defendants Briki, Bird, Wilkinson, Cassidy, and Bernardo. This

motion will be granted. Rule 41(a) permits voluntary dismissal of an action before the opposing party has filed a response. Fed. R. Civ. P. 41(a)(1)(A)(i). No party has filed a response because the complaint has not been served. Consequently, these defendants will be dismissed.

III.     Misjoinder

Plaintiff's allegations concern several different incidents. Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2001), quoted in *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also*

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts of . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, 2007 WL 4465247, *3 (E.D. Mich. Dec. 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). It allows a prisoner to proceed with multiple, improperly-joined claims and defendants in a single action without incurring the risk of obtaining a "strike" for purposes of 28 U.S.C. § 1915(g), should any of those claims turn out to be frivolous.

The Seventh Circuit has explained that a prisoner may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

> Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person -- say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions -- should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

Defendant Pallas is the first defendant named in the action, and Plaintiff's allegations against Pallas concern a misconduct hearing regarding a charge of substance abuse. Defendants Goulet and Vanderwagen allegedly provided the evidence on which the charge was based. Moreover, Defendant Russell allegedly reviewed the misconduct conviction through a motion for a rehearing. Thus, Plaintiff's claims against Defendants Pallas, Goulet, Vanderwagen, and Russell are transactionally related. Plaintiff's claims against the other remaining defendants are not related. They have no connection to Plaintiff's misconduct conviction for substance abuse.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any

7

stage of the action and on such terms as are just."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

The alleged rejection of Plaintiff's mail by Defendants Dietz, Karel, Hall, Payton, and Killough occurred in 2015 and 2016, well within the three-year period of limitations. Similarly, Newton-Newman's involvement in Plaintiff's prison transfer occurred in 2017. None of the claims against these defendants is at risk of being time-barred. Thus, these defendants will be dismissed for misjoinder.

Plaintiff does not indicate when Defendant Washington allegedly allowed Plaintiff to remain on a watch list, and Plaintiff does not articulate any specific allegations against Defendant Hollenbeck; thus, the Court cannot determine whether dismissal of these defendants for misjoinder would prejudice Plaintiff's claims against them. Thus, only Defendants Dietz, Karel, Hall, Payton, and Killough will be dismissed for misjoinder at this time.

IV. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. Director Washington

Plaintiff alleges that MDOC Director Washington allowed unidentified defendants to keep him on a watch list, even though the reason for putting Plaintiff on the watch list is false. Plaintiff alleges that he had a hearing on the issue, but he was not given an opportunity to challenge the evidence supporting the watch-list designation. He asserts that he brought a "challenge" to the designation to Director Washington, but she told him that the decision was "upheld." (Compl., PageID.161.)

The crux of Plaintiff's claim is that Director Washington failed to correct the actions of other officials; however, Washington may not be held liable for the unconstitutional conduct of her subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor

can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Washington engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

B. Hollenbeck

Plaintiff identifies Hollenbeck as a defendant, but makes no allegations about him in the body of the complaint. Where a person is named as a defendant without an allegation of specific conduct, the claim against that defendant is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Plaintiff's allegations against Hollenbeck fall far short of the minimal pleading standards under Fed. R. Civ.

P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Thus, Hollenbeck will be dismissed.

### C. Administrative Law Examiner / Hearing Officer Pallas

Plaintiff alleges that Defendant Pallas conducted the hearing for Plaintiff's misconduct charge regarding substance abuse. Substance abuse is a Class I misconduct. MDOC Policy Directive 03.03.105, Attach. A (July 3, 2015). All Class I misconduct hearings must be conducted by hearing officers from the MDOC's Department of Licensing and Regulatory Affairs. *Id.* ¶ M. These officers are required to be attorneys and are under the direction and supervision of a special hearings division in the Michigan Department of Corrections. *See* Mich. Comp. Laws § 791.251(e)(6). Their adjudicatory functions are set out in the statute, and their decisions must be in writing and must include findings of facts and, where appropriate, the sanction imposed. *See* Mich. Comp. Laws § 791.252(k). There are provisions for rehearings, *see* Mich. Comp. Laws § 791.254, as well as for judicial review in the Michigan courts. *See* Mich. Comp. Laws § 791.255(2). Accordingly, as the title of his position implies, Defendant Pallas is a professional in the nature of an administrative law judge. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). As such, he is entitled to absolute judicial immunity from inmates' § 1983 suits for actions taken in his capacity as a hearing officer. *Id.*; *and see Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *cf. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (judicial immunity applies to actions under § 1983 to recover for alleged deprivation of civil rights). Defendant Pallas' decision to find Plaintiff guilty of the misconduct charge was an action taken in his capacity as a hearing officer. Thus, he is immune from Plaintiff's claim.

D. Hearings Administrator Russell

When a prisoner disagrees with the results of a Class I misconduct hearing, he may submit a request for a rehearing to the hearings administrator. MDOC Policy Directive 03.03.105 ¶ SSS. Plaintiff allegedly requested a rehearing after his misconduct conviction and Defendant Russell denied it. This does not state a claim under § 1983, for several reasons. First, like Pallas, Russell enjoys judicial immunity for any claims related to this decision. *See Williams v. Bournay*, No. 98-1169, 1999 WL 196532, at *2 (6th Cir. Mar. 22, 1999) (hearing administrator entitled to judicial immunity).

Second, Defendant Russell did not convict Plaintiff of a misconduct or punish him; Russell merely determined whether to grant a rehearing. In other words, Russell did not actively participate in the misconduct conviction; at most, he reviewed the actions of another MDOC employee. Russell's failure to correct the allegedly improper decision by Pallas does not give rise to liability. *Grinter*, 532 F.3d at 576 (failure to act in response to administrative appeals does not subject supervisors to liability). Plaintiff has not alleged that Russell engaged in any active conduct with respect to the misconduct conviction that deprived Plaintiff of his constitutional rights.

Third, administrative appeals are remedial; they are not part of the due process rights afforded to prison inmates. *See Boles v. Weist*, No. 87–1862, 1988 WL 58866 (6th Cir. June 10, 1988) ("Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction"); *Lowe v. Sockey*, 36 F. App'x 353, 360 (10th Cir. 2002) (state prisoner's allegations that prison officials lost his appeal of prison discipline hearing failed to state a due process violation claim since Fourteenth Amendment does not provide due process right to such an appeal).

Plaintiff also alleges that Russell denied Plaintiff his right of access to the courts because Russell allegedly made false statements when defending an action that Plaintiff brought

13

against him in state court. However, Russell's false statements clearly did not impede Plaintiff's access to the courts, and Plaintiff was not harmed by them. Plaintiff himself acknowledges that the state court rejected Russell's statements. Moreover, defending an action in court, as Russell did, is categorically distinct from impeding an inmate's ability to *access* that court.

Plaintiff further alleges that Russell did not comply with his obligations under state law and state administrative rules. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Similarly, a defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Accordingly, Plaintiff's assertion that Russell violated state law and/or policy fails to state a claim under § 1983. In short, Plaintiff does not state a viable claim against Russell under § 1983.

E.  Officers Goulet and Vanderwagen

Plaintiff alleges that Defendants Goulet and Vanderwagen planted evidence and lied so that Plaintiff would be convicted of a misconduct that resulted in Plaintiff being deprived of visitation rights.[2] At this stage of the proceedings, the Court finds that Plaintiff's allegations against Goulet and Vanderwagen suffice to state a claim. *See Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (finding that intentionally and maliciously framing a prisoner for a disciplinary charge, with a resulting loss of liberty for the prisoner, is a violation of substantive due process), overruled in other part by, *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999).

---

[2] Under MDOC Policy Directive 05.03.140 ¶ BBB, a warden can restrict visits for a prisoner if that prisoner is found guilty of two or more Class I misconduct charges for substance abuse.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that all Defendants except for Defendants Goulet and Vanderwagen will be dismissed. Defendants Briki, Bird, Wilkinson, Cassidy, and Bernardo will be dismissed based on Plaintiff's request for voluntary dismissal. Defendants Dietz, Karel, Hall, Payton, Killough, and Newton-Newman will be dismissed for misjoinder. Defendants Pallas, Russell, Washington, and Hollenbeck will be dismissed for failure to state a claim. The Court will serve the complaint against Defendants Goulet and Vanderwagen.

An Order consistent with this Opinion will be entered.

Dated: November 17, 2017  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge