UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DERRICK LEE SMITH, # 267009, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cv-618 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| ANTHONY GOULET, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Earnest C. Brooks Correctional Facility. The defendants are Corrections Officers Anthony Goulet and Ryan Vanderwagen.

Plaintiff alleges that defendants violated his First and Fourteenth Amendment rights by planting evidence and lying so that plaintiff would be convicted of a Class I substance abuse misconduct that resulted in plaintiff being deprived of visitation rights.[1] Plaintiff seeks an award of damages.

The matter is before the Court on defendants' motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 36). Plaintiff opposes the motion. (ECF

---

[1] All other claims have been dismissed. (ECF No. 17, 18).

No. 40). For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted and that all plaintiff's claims against defendants be dismissed without prejudice.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence

of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  The Court of Appeals has repeatedly emphasized that the party with the burden of proof

faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Standards Applicable to the Affirmative Defense
of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County,*

*Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the

applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

### **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff was an inmate held in the custody of the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility (LRF) during the period at issue. The defendants were MDOC

---

[2]A copy of the policy directive is found in the record. *See* ECF No. 37-2, PageID.353-59.

employees at LRF during this period.

On November 22, 2016, Officer Goulet charged plaintiff with the Class I misconduct for substance abuse.[3] (ECF No. 37-4, PageID.392). Officer Goulet indicated that during a search of plaintiff's cell he found four rolled papers containing a brown leafy substance that smelled like tobacco. The items had been found inside cassette tape cases next to the desk near the window. "The substance was photographed, verified by Sgt. Vanderwagen, and secured in the LRF contraband locker." (*Id.*).

Plaintiff requested an administrative hearing. Plaintiff sought dismissal of the charges based on arguments that he did not own any cassette tapes and argued that nothing could have been held in the space between the desk and the window. (ECF No. 37-4, PageID.400-01).

On December 2, 2016, plaintiff received an administrative hearing on the major misconduct charge. The hearing officer found plaintiff guilty of the charged misconduct. The substance found was tobacco. It was located on a small homemade shelf between the desk and the window. The contraband was recovered in an area under plaintiff's control. The hearing officer sentenced plaintiff to "Top lock[4] and [loss of Privileges] LOP" for five days, beginning on December 6 and ending on December 11, 2016. (*Id.* at PageID.394-95).

---

[3] "[A] Class I misconduct is a 'major' misconduct and Class II and III misconducts are 'minor' misconducts." *Smith v. Hall*, No. 1:18-cv-277, 2018 WL 1602633, at *3 (W.D. Mich. Apr. 3, 2018).

[4] Toplock is confinement to quarters. *See Maben v. Thalen*, 887 F.3d 252, 266 (6th Cir. 2018).

On December 3, 2016, a deputy warden restricted to plaintiff to non-contact visits for thirty days because the hearing officer found him guilty of the substance abuse misconduct. (ECF No. 37-4, PageID.412). Plaintiff also forfeited good time credits as a result of his conviction. (ECF No. 37-4, PageID.413-14).

The record contains what is purportedly a request for rehearing dated December 8, 2016. (ECF No. 37-4, PageID.410). The records of the MDOC Office of Policy and Hearing showed that as of January 25, 2017, plaintiff had not made a request for rehearing regarding his major misconduct conviction. (ECF No. 37-8, PageID.454-55) MDOC Rehearings Specialist Matthew Young listed the following reasons why the December 2016 document lacked the hallmarks of a genuine request for rehearing:[5]

> (1) it does not contain an "MDOC RECEIVED" date stamp; (2) the date mailed on the December 8, 2016 document provided by the plaintiff is handwritten, whereas MDOC "Date Mailed" is always generated on the database tracking system Request for Rehearing response form which consists of a typewritten date; (3) the hearing administrator's signature is illegible; and (4) the illegible signature does not belong to me nor is it a signature that I recognize.

(ECF No. 37-8, PageID.457).

On January 9, 2017, plaintiff filed a lawsuit in Ingham County Circuit Court in an attempt to have his major misconduct conviction overturned. (ECF No. 37-4, PageID.373-90). On July 5, 2017, Judge Joyce Draganchuck issued her decision

---

[5] On March 17, 2017, plaintiff made a request for rehearing. (ECF No. 37-7, PageID.432). It was returned to plaintiff without action because the request had not been made within thirty days of the hearing. (*Id.*).

affirming plaintiff's conviction.[6]  (ECF No. 37-9, PageID.461-72).

On July 10, 2017, plaintiff filed his application for leave to appeal to the Michigan Court of Appeals.  (ECF No. 37-10, PageID.475).

On July 10, 2017, plaintiff filed this lawsuit.  (ECF No. 1).  Plaintiff filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit.  (ECF No. 37-3, PageID.361-71).  It is undisputed that none of the grievances pursued through Step III correspond to the claims plaintiff is asserting against defendants.

On January 24, 2018, the Michigan Court of Appeals denied plaintiff's application for leave to appeal.  (ECF No. 37-10, PageID.476).  On February 2, 2018, plaintiff filed an application for leave to appeal to the Michigan Supreme Court.  (*Id.* at PageID.476-77).

## **Discussion**

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a).  Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  *Id.*

---

[6] Judge Draganchuck found that it was not necessary to decide whether the request for a rehearing was a forgery or fabrication and "dispense[d] with any failure to exhaust argument" because, even assuming the request for reconsideration was genuine, plaintiff was not entitled to relief on the merits.  (ECF No. 37-9, PageID.465-72).

It is undisputed that plaintiff received an administrative hearing and that the hearing officer found him guilty of the Class I misconduct. A prisoner must file a timely request for rehearing in order to exhaust his available administrative remedies. *See Bergey v. Tribley*, No. 2:15-cv-43, 2015 WL 7731426, at *3 n.1 (W.D. Mich. Oct. 20, 2015). I will assume for analytical purposes that the December 2016 request for reconsideration is genuine rather than a forgery.

Decisions made in the prison hearings division are non-grievable. *See Palmer v. Aikens*, No. 2:12-cv-309, 2014 WL 581682, at *3 (W.D. Mich. Feb. 14, 2014) (citing Policy Directive 03.02.130, ¶ F(1)); *see also Miller v. Klee*, No. 17-11006, 2018 WL 1354473, at *4 (E.D. Mich. Feb. 23, 2018). In *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011), the Sixth Circuit found that this provision is not restricted to the hearing officer's administrative decision, but also extends to challenges to the underlying misconduct charge. Where a grievance "relates to the issuance of major misconduct reports, [] Michigan's rules provide that the only avenue for challenging such reports is a hearing."[7] *Id.* at 694.

Defendants' argument that plaintiff "failed to exhaust judicial review of his

---

[7] There is unpublished authority to the effect that a challenge to an officer's decision to file a misconduct must be exhausted through administrative grievance procedure because it falls outside the provision making a challenge to a hearing officer's decision non-grievable. *See Brown v. Rivard*, No. 1:16-cv-12362, 2017 WL 3405171, at *3 (E.D. Mich. Aug. 9, 2017) (collecting cases). Such cases are difficult to reconcile with the Sixth Circuit's published decision in *Siggers v. Campbell* finding that the status of a grievance claiming a retaliatory major misconduct charge was "irrelevant" because the only place the prisoner could properly raise challenges relating to the issuance of the misconduct charge was at the administrative hearing. 652 F.3d at 694.

misconduct [conviction]" (Def. Brief at 7, ECF No. 37, PageID.348) is misplaced given the context of a motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a).[8] Judicial review is not an "administrative" remedy. *Id.*; *see also Sanders v. Napel*, No. 2:13-cv-264, 2015 WL 5349266, at *6 (W.D. Mich. Sept. 14, 2015); *Lee v. Paulus*, No. 4:04-cv-51, 2005 WL 2253582, at *3 (W.D. Mich. Sept. 15, 2005).

Plaintiff was required to raise his retaliation and substantive due process claims at the administrative hearing.[9] *See Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011); *see also Ayotte v. Stemen*, No. 15-13826, 2016 WL 5027594, at *3 (E.D. Mich. Sept. 20, 2016) ("[P]er *Siggers v. Campbell*, a prisoner must raise the argument that a misconduct ticket was issued based retaliation or conspiracy during

---

[8] There are reasons why this Court may elect to defer any review of the merits of plaintiff's claims until after plaintiff has exhausted his available judicial remedies regarding Judge Draganchuk's decision. Unlike the Ingham County Circuit Court, this Court is not a court of appeals for major misconduct convictions. *See* MICH. COMP. LAWS § 791.255(2). The Supreme Court has cautioned federal courts against becoming entangled in micromanagement of state prisons. *See McKune v. Lile*, 536 U.S. 24, 37 (2002); *see also Sandin v. Connor*, 515 U.S. 472, 482 (1995) ("[I]nvolvement of federal courts in the day-to-day management of prisons, often squander[s] judicial resources with little offsetting benefit to anyone."). Defendants may have a viable abstention argument based on the status of proceedings in Michigan's courts. In addition, plaintiff faces significant preclusion issues stemming from the hearing officer's decision finding him guilty of the major misconduct and Judge Draganchuk's decision affirming plaintiff's conviction. *See Peterson v. Johnson*, 714 F.3d 905, 911-13 (6th Cir. 2013); *Hall v. Bruch*, No. 1:16-cv-5, 2018 WL 1516843, at *2 (W.D. Mich. Mar. 28, 2018).

[9] Plaintiff's argument that the Sixth Circuit's decision in *Siggers v. Campbell* established that the "only true requirement for exhaustion of a ticket" is mentioning an issue in a motion for rehearing (Plf. Brief at 6, ECF No. 40, PageID.495) cannot withstand scrutiny. *Siggers* established that the issue must be raised at the "hearing." 652 F.3d at 693-94; *see also Ayotte*, 2016 WL 5027594, at *3.

the first misconduct hearing in order to properly exhaust these claims."). Plaintiff argues that he raised the claims he is asserting in this lawsuit and the hearing officer failed to mention them. (Plf. Brief at 6-7, ECF No. 40, PageID.494-95). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). The evidence shows that plaintiff did not raise the claims he is now asserting and they remain unexhausted.

Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not properly exhaust his claims against defendants before he filed this lawsuit. Accordingly, I find that defendants have carried their burden and are entitled to dismissal of all of plaintiff's claims.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendants' motion for summary judgment (ECF No. 36) be granted and that all plaintiff's claims against defendants be dismissed without prejudice.

Dated:  June 20, 2018         /s/  Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).