UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DERRICK LEE SMITH, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:17-CV-618 |
| v. | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| ANTHONY GOULET, ET AL., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

### I. Background

This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. The suit arises out of the conditions of Plaintiff's confinement at the Earnest C. Brooks Correctional Facility. He alleges that Defendants Anthony Goulet and Ryan Vanderwagen violated his First and Fourteenth Amendment rights by planting evidence and lying so that Plaintiff would be convicted of a Class I substance abuse misconduct.

Defendants have moved for summary judgment, based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e. The matter was referred to the magistrate judge for a Report and Recommendation, which issued on June 20, 2018. (ECF No. 43.)

The magistrate judge recommended granting the motion for summary judgment based on a finding that Plaintiff did not exhaust his administrative remedies. The matter is now before the Court on Plaintiff's objections to the R & R.

## II. Legal Framework

### A. Objections to Report and Recommendation

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

### B. Administrative Exhaustion

Prior to filing a civil lawsuit, a prisoner must first properly exhaust his available administrative remedies. 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 93. A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. See *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones v. Bock*, 549 U.S. 199, 204, (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on

2

the course of its proceedings." *Woodford*, 548 U.S. at 90-91. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

III. Discussion

As a preliminary matter, Plaintiff—after filing his objections— has moved the Court for two orders placing evidentiary exhibits "on the record." (*See* ECF Nos. 47, 49). While ordinarily the motions would be the province of the magistrate judge, given the posture of the case, the Court will resolve them now. The motions are **GRANTED** and the Court accepts the grievances as supplement to Plaintiff's objections. However, for reasons to be discussed, grievances filed by the Plaintiff relating to this matter cannot, as a matter of law, exhaust his claim.

Plaintiff claims that Defendants violated his constitutional rights by placing evidence in his cell, which resulted in his conviction for a Class I substance abuse misconduct. To pursue a claim based on these events, Plaintiff must have exhausted his administrative remedies.

Prisoners commonly file grievances pursuant to policy of the Michigan Department of Corrections to exhaust administrative remedies. For example, a prisoner may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant." Mich. Dep't of Corr., Policy Directive 03.02.130, ¶ E

3

(effective 4/28/03). But decisions made in hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable. *See, e.g., Palmer v. Aikens*, No. 2:12-cv-309, 2014 WL 581682, at *3 (W.D. Mich. Feb. 14, 2014) (Greeley, M.J.); Mich. Dep't of Corr., Policy Directive 03.02.130, ¶ F(1) (effective 4/28/03).

Because the ordinary grievance procedure does not apply to disputes arising out of misconduct hearings, the prisoner must instead raise the issue in the misconduct hearing. *See Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). In other words, "where a grievance relates to the issuance of major misconduct reports, . . . Michigan rules provide that the *only* avenue for challenging such reports is a hearing." *Id.* (emphasis added).

If the prisoner does not successfully resolve the dispute at the misconduct hearing, he must "file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *See* Mich. Comp. Laws § 791.255(1); *Palmer v. Aiken*, No. 2:12-cv-309, 2014 WL 581682, at *3 (W.D. Mich. Feb. 14, 2014). The rehearing request must be made within thirty days after the final decision or order is issued. Mich. Comp. Laws § 791.254(3).

The magistrate judge concluded that there was no evidence that Plaintiff raised his claims for retaliation and substantive due process at the misconduct hearing, as he was required to do to exhaust his claims under *Siggers*. Thus, the claims remained unexhausted, and summary judgment was proper.

Plaintiff's objections reflect an ongoing misunderstanding of the administrative process as it relates to major misconduct violations. Plaintiff argues vociferously that the

4

*grievance process* was unavailable because the grievance coordinator refused to accept his grievances for filings. (*See* ECF No. 45 at PageID.521–523.) But as the Court noted *supra*, the grievance process was not available to Plaintiff, per MDOC policy, for purposes of any dispute arising out of his major misconduct conviction. Plaintiff's claims are clearly related, because he effectively accuses the Defendants of manufacturing the wrongdoing which resulted in his conviction. As a result, Plaintiff largely focuses his objections on an erroneous conclusion as to the availability of the grievance procedure.

Plaintiff also argues that the magistrate judge misapplied the summary judgment standard. Plaintiff is incorrect; the magistrate judge properly found that there was no genuine dispute of fact that Plaintiff did not raise the claims the claims he is now asserting in his administrative hearing. (*See* ECF No.43 at PageID.514.) Plaintiff has identified no evidence that would suggest a conclusion to the contrary.

In sum, Plaintiff's objections are without merit for the reasons stated. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 43) as the Opinion of the Court, **OVERRULES** Plaintiff's objections (ECF Nos. 44, 45, 46), and **GRANTS** Defendants' motion for summary judgment. (ECF No. 36.)

Plaintiff's motions (ECF No. 47, 49) to supplement the record are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**JUDGMENT TO FOLLOW.**

Date:  August 3, 2018               /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge